IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE LEE SCHWICKRATH, )
 )
    Plaintiff, )
 )
  -vs- )   Civil Action No. 13-1297
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 9) and granting Defendant's Motion for Summary Judgment. (Docket No. 11).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed her applications for benefits in September of 2010, alleging he had been disabled since August 1, 2009. (Docket Nos. 7-5, p. 4; No. 7-6, pp. 2-10). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on May 29, 2012. (Docket No. 7-2, pp. 45-80). On June 14, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 7-2, pp.

23-32). After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

### B. <u>Post Decision Evidence[1]</u>

As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id.;*

---

[1] The first post decision evidence at issue is a medical source statement from Dr. Stanley Nadulek which was submitted to the Appeals Council 8 months after the ALJ's decision. (ECF No. 7-15, pp. 23-30). The second post decision evidence is a medical source statement from Dr. Lela E. Dougherty, which was submitted to the Appeals Council over a year after the ALJ's decision. (ECF No. 7-15, pp. 32-40).

3

42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff submitted, for the first time, two check box medical source statements from Drs. Dougherty and Nadulek to the Appeals Council.[2] (ECF No. 7-2, pp. 2-4; No. 7-15, pp. 23-40). Plaintiff does not give any reason why she failed to present this evidence to the ALJ prior her issuing her decision. *See*, ECF No. 10. Plaintiff was represented by counsel at the hearing and at no time did counsel indicate that the record should be held open for the submission of additional evidence. Clearly, the information could have been obtained at or prior to the time of the ALJ's decision. (ECF No. 7-15, pp. 23-40). Yet, for unknown reasons, Plaintiff did not seek to obtain or submit these records prior to the ALJ's decision. *See,* ECF No. 10. Consequently, I find that Plaintiff has not shown good cause for her failure to submit the additional evidence to the ALJ.

Additionally, I find the two medical source statements are not new. While I acknowledge that they may not have existed at the time of the decision of the ALJ, they were available to Plaintiff at that time. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (new evidence is that which did not exist or was not available to the claimant at the time).

---

[2] Contrary to Plaintiff's assertion, the Appeals Council did consider the new evidence submitted and found "that this information does not provide a basis for changing the Administrative Law Judge's decision." (ECF No. 7-2, p. 3; *see also,* No. 7-2, pp. 2-4).

Thus, for these reasons, remand under Sentence Six is not warranted.[3]

C. **Treating Physician Rule**

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinions of her treating doctor, Dr. Dougherty.[4] (ECF No. 10, pp. 7-9). The amount of weight accorded to a physician's opinions is well established.

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.' " *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where ... the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Commissioner of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, *5 (3d Cir. Dec. 14, 2010).

In this case, the ALJ did not give weight to the opinion of Dr. Dougherty, who assessed Plaintiff as being unable to work, because she treated Plaintiff on only two occasions during 2 ½ years, one visit being to treat her for a sinus condition. (ECF No. 7-2, p. 29; No. 7-13, pp. 19-22; No. 7-15, pp. 2-8, 21-22). The rationale for giving controlling weight to a treating doctor's opinion is that he/she is "most able to provide a detailed, longitudinal picture" of the claimant's medical impairments. 20 C.F.R. §§416.927(c)(2), 404.1527(c)(2). In this case, Dr. Dougherty did not have the prolonged and continuous relationship with Plaintiff upon which to base her opinion in

---

[3] I note that I do not reach a conclusion on whether the information in the medical source statements is material as Plaintiff has failed to show that the evidence was not new and failed to show good cause. Consequently, there is no reason to discuss materiality since Plaintiff already failed on, not one but, two prongs of the required three prong test. *Matthews,* 239 F.3d at 591-593, *citing Szubak,* 745 F.2d at 833.

[4] With respect to Dr. Dougherty, the ALJ had before him a prior medical source statement from Dr. Dougherty dated May 21, 2012. (ECF No. 7-15, pp. 21-22). This is a separate and distinct document from the document by Dr. Dougherty submitted for the first time to the Appeals Council in July of 2013.

May of 2012 that a typical treating doctor normally possesses. Additionally, the ALJ did not give controlling weight to the opinion of Dr. Dougherty because it was inconsistent with other medical evidence of record. (ECF No. 7-2, p. 29). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527, 416.927 (Evaluating Opinion Evidence). Therefore, I find no error on the part of the ALJ for discounting Dr. Dougherty's opinion.

### C. Plaintiff's Limitations

Next, Plaintiff summarily concludes that the ALJ failed to consider all of Plaintiff's limitations. (ECF No. 10, p. 9). As a result, I am unsure as to what limitations Plaintiff suggests the ALJ failed to consider and how that resulted in an error. In the absence of any substantive or meaningful analysis of the same, I find this assertion to be undeveloped and wholly inadequate. *See, Pennsylvania v. U.S. Dept. of Health & Human Serv.,* 101 F.3d 939, 945 (3d Cir. 1996)(stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court). Consequently, I will not address this argument.

### D. Mischaracterizing of Evidence

Plaintiff, in summary form, submits that the ALJ erred by mischaracterizing eight pieces of evidence and implicitly concludes that remand is warranted based on the same. (ECF No. 10, pp. 9-11). I disagree. I have reviewed each of the alleged mischaracterizations and find no merit to any of them. For example:

- Plaintiff argues that the lapse in treatment was from August 2010 to January of 2011, but actually the lapse at issue was from August 2010 to January 2012. (ECF No. 7-12, pp. 34-53; No. 7-11, pp. 24-33).

- The ALJ discussed and considered Exhibit 18F. (ECF No. 7-2, p. 30). Furthermore, a diagnosis does not equate to a disability.

- The record states that Plaintiff's pulmonary sarcoidosis is remote and in remission. (ECF No. 7-15, pp. 2-3; No. 7-11, pp. 17, 19-20; No. 7-12, p. 20).

6

- ALJ actually states: "The claimant has also been treated occasionally with tube placement in her ears because of eustachian dysfunction causing pain and difficulty with flying. She also complained of dark circles under her eyes. A CT scan of her sinuses was read as normal (Exhibit 10F)." (ECF No. 7-2, p. 27). Additionally, a problem does not equate to a disability.

- ALJs are not required to accept medical opinions wholesale, especially when certain portions internally conflict. Also, checked box forms are the weakest form of evidence.

- Plaintiff testified that she was not in mental health treatment because there is nothing a therapist can do to help. (ECF No. 7-2, p. 70). Moreover, Dr. Nadulek's statements were not before the ALJ. As such, said statements cannot be considered.

- Credibility is an issue of the ALJ.

- Again, Dr. Nadulek's statements were not before the ALJ. As such, said statements cannot be considered.

Furthermore, I find that to the extent there was an incorrect accounting of the evidence, I find said error to be harmless at best. Consequently, I find no reason warranting remand of the case.

### E. Vocational Expert

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert ("VE") hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 10, pp. 11-21). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.[5]

---

[5] Plaintiff suggests that the ALJ failed to ask the VE questions about Dr. Nadulek's statements. Dr. Nadulek's statements were not before the ALJ. As I noted previously, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews*, 239 F.3d at 594. Consequently, I find no merit to this suggestion.

Additionally, Plaintiff asserts that the ALJ erred in "that she relied upon the VE testimony in response to her hypothetical question which placed restrictions that included no exposure to pulmonary irritants and a requirement that the work be performed in a stable work environment (T28 and 30), but a review of the transcript reflects that the hypothetical posed to the VE did not include these two factors (T 73)." (ECF No. 10, p. 13). With respect to the stable environment, the ALJ asked the VE "If a person needed a workplace where there were few changes in the work setting and the job was relatively stable in terms of the work process and the place in which the person worked, would the jobs that you listed for me still apply?" (ECF No. 7-2, p. 76). The VE responded: "Yes, your honor." *Id.* I find this question sufficiently covers the stable environment limitation. Thus, I find no error in this regard.

With regard to the pulmonary irritants, while it is true that the ALJ did not ask the VE a hypothetical that includes no pulmonary irritants, I note that the ALJ did not state that she relied only on the VE's testimony in finding jobs that exist in significant numbers in the national economy. The ALJ stated that it is "consistent with the information contained in the Dictionary of Occupational Titles." (ECF No. 7-2, p. 31). According to the Dictionary of Occupational Titles ("DOT"), the jobs listed by the VE (mail clerk, ticket taker, and marker) do not involve exposure to atmospheric conditions. *DOT* No. 209.687-026, 1991 WL 671813 (mail clerk); *DOT* No. 344.667-010, 1991 WL 672863 (ticket taker); *DOT* No. 229.587-018, 1991 WL 672150 (marker). Therefore, I find no error in this regard. Consequently, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE LEE SCHWICKRATH,          )
                                 )
        Plaintiff,                )
                                 )
    -vs-                          )      Civil Action No.   13-1297
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.                )

AMBROSE, Senior District Judge.

**ORDER OF COURT**

THEREFORE, this 23rd day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                        BY THE COURT:

                                        s/   Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge